[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' JULY 13, 1998, MOTION FOR COURT ORDER AND TEMPORARY INJUNCTION
Plaintiffs, housed at the Enfield Correctional Institution at the time this matter was instituted, seek a court ruling that a Department of Correction (DOC) administrative directive is unconstitutional, and injunctive relief. Plaintiffs complain that administrative directive 10.7 — Inmate Communications, prevents them from communicating directly with each other concerning the subject matter of litigation they have pending as co-plaintiffs in various courts. This directive provides that inmates may not communicate directly with other inmates unless they are related. Plaintiffs are unrelated.
Pursuant to a July 13, 1998, Motion for Court Order and Temporary Injunction. an evidentiary hearing was held on December 8, 1998. Briefs were then filed.
Having reviewed the full record, the plaintiffs' motion is denied, for the following reasons.[1]
1. The regulation at issue meets the test set out in Turnerv. Safley, 482 U.S. 78 (1987) because it is reasonably related to legitimate penological interests and goals. Warden David Marcial's testimony clearly established that prohibiting direct inmate to inmate communication is required for inmate safety and institutional security given the potential for gang members, and others, to send coded messages through what purports to be legal CT Page 3009 correspondence, and to use third parties to convey information, including information relating to criminal enterprises. These were the same sorts of concerns cited by Justice O'Connor at pages 91-92 of Turner v. Safley. A very real potential also exists, Warden Marcial testified, for more sophisticated inmates to manipulate, or gain control over the affairs of other less sophisticated inmates. See also the testimony of prison officials in Turner v. Safley that "mail between institutions can be used to communicate escape plans and to arrange assault and other violent acts." Turner v. Safley, 482 U.S. at 91. Courts should be extremely reluctant to interfere with the day to day judgments of corrections officials on matters relating to security in the absence of a substantial, demonstrated need. Turner v. Safley,482 U.S. at 78; Lewis v. Casey, 516 U.S. 804 (1996). Also seeWashington v. Meachum, 238 Conn. 692 (1995).
2. The Commissioner of Correction ("Commissioner") has established a procedure pursuant to a contract with the Inmates Legal Assistance Program (ILAP) which permits inmates to communicate indirectly with other inmates, as ILAP Attorney Michael Rubino testified. Under this procedure, ILAP monitors the mail it receives from inmates to ensure that it truly relates to legal matters, and then funnels it to co-plaintiff inmates. Outgoing mail to ILAP is treated as privileged. This protocol substantially permits the communications that plaintiffs seek, while also addressing the security concerns of the Commissioner to his satisfaction. This alternative arrangement, to a large extent, moots plaintiffs' concerns. Turner v. Safley,482 U.S. at 93.
3. Plaintiffs have clearly failed to establish the prerequisites for the issuance of a temporary restraining order or injunctive relief, as the Commissioner points out in his February 9, 1999 memorandum. The undersigned judge agrees with, and incorporates by reference, the observations of United States Magistrate Judge Donna J. Martinez, as expressed on pages 2-3 in her February 11, 1999, decision in the case of Shuckra, et al. v.Armstrong, et al., Civil No. 3:98CV397 (D FM) (D. Conn. February 16, 1999).
Indeed, plaintiffs have failed to establish any of the prerequisites for injunctive relief, particularly given the important security issues present here, the need for the courts to eschew unnecessary interference in the day-to-day running of prisons, the fact that mandatory injunctive relief is being CT Page 3010 sought, see Abdul Wali v. Coughlin, 754 F.2d 1015, 1025 (2d Cir. 1985), and the fact that injunctive relief should be granted against a state or municipal official only in cases of"compelling necessity." Vorbeck v. McNeal, 407 F. Sup. 733, 739 (E.D. Mo.)aff'd 426 U.S. 943 (1976). Plaintiffs have failed to demonstrate irreparable injury given the fact that the Commissioner has established a method for indirect communication, as outlined above, through ILAP. Plaintiffs have failed to demonstrate a likelihood of success. See cases cited by the Commissioner on pages 9-10 of his February 9, 1999 brief, including but not limited to Bounds v. Smith, 430 U.S. 817 (1977) and Weaver v.Toombs, 756 F. Sup. 335, 338 (W.D. Mich. 1989). The balance of hardships do not tip in plaintiffs' favor, and any purported hardship is outweighed by the legitimate security concerns recognized in Turner v. Safley and voiced by Warden Marcial. In this case, then, the evidence clearly militates against granting a temporary restraining order or other injunctive relief.
Conclusion
Plaintiffs' request for a declaration that the challenged directive violates their constitutional rights is denied, as is their request for a temporary restraining order.
Douglas S. Lavine Judge, Superior Court